Good morning, your honors. I'm James Luenberger. I'm appearing on behalf of K. Williford, counsel. May it please the court. This is a case involving, this is a statute of limitations case. And Oregon has a statute, Oregon revised statute 12.220. And it has three requirements that apply in this case. One, that the prior case was dismissed but not on the merits. Two, that the second case was filed within 180 days of the dismissal. And three, that the defendants received notice of the first complaint within 60 days of this having been filed. What we have in this case, as far as the record is concerned, is we have no record as to when the defendants received notice of the first complaint. The first defendant filed their appearance 66 days after the filing. And then the other two defendants thereafter. The case, in terms of how we got here, we started with a 12B6 motion to dismiss based on statute of limitations. And that was based on the idea that more than two years had elapsed from the events to the second filing. Amongst other arguments, my predecessor trial level attorney made was that ORS 12.220 protected my client's case. And the city and the county responded by saying that the record does not show when the defendants received notice. And. It was on the second. It wasn't the first case. Right. Now you were talking, now we're into the second filing. Correct. Yes. As I said, the defendants, in their move based on more than two years, my predecessor said 12.220. Also in the complaint, the amended complaint, which was for this case, one of the allegations in there was that the first case was dismissed without prejudice and with leave to refile. In response to the or in reply to the opposition, the 12B6 defendants said there's nothing in the record showing that is the court record showing when notice was received. And and then ultimately the case was dismissed on that basis. Wasn't there a response to show why they got notice in the second case? Well, notice in the second case is irrelevant. I know. Wasn't that the property by your predecessor? I believe it was. Yes. I'm afraid she she probably did not. But what it boils down to, I believe, ultimately, is can the defendants hide the ball? And we are contrary to what the county is arguing in their brief. We are not saying that they have a duty to make our case for us. But what every attorney and every litigant has an obligation to do is to be honest, that is codified in federal. Are you conceding that the burden is on the plight of the affirmative edge and establish when the defendant got actual notice? That's a good question. Your Honor, I believe that the case law cited by the city does seem to show that. Now, I don't agree. They allege you were pleading it were repleting. How would you know whether an actual or. Well, when you have a situation such as the one we have here, where the first attorney that represented Mr. Wilford was not cooperating with the second attorney wasn't didn't turn over the file. I suppose second attorney could have filed a bar complaint to compel production of the file. I suppose second attorney could have had a discovery request on the defendants for their file as to when they received notice of the first first filing. I'm trying to put myself back in a situation at the time of the guy who was clear that the attorney was given the opportunity. Attorney given the opportunity to plead the case, refile the case and under the statute, I would have avoided the statute of limitations if it allege handles through that came with. I'm sure that's right. And at that point, not knowing the answer came six days after the purpose of the person, not knowing him, they got actual individual officer. What you believe the burden on the point of his feet. Well, in federal court, of course, we have we have notice pleading. And I believe what, of course, was alleged was that Judge Mossman dismissed the first case without prejudice and was leave to refile. In response to the motion for the phobia six, the allegation was made by my by his lens. On behalf of Ms. Wilford, that that 12 to 20 applied and saved her case. Now, I believe that puts the county and the city and its officers on notice that that the elements of to 12. So then up to. So once you've said we have met all of these requirements, one of which is the 60 days notice, it's then up to them to deny that or yes, demonstrate that it isn't the case. Yes. So you're not saying you don't have to take the first step. You're just saying you did. Well, not in a pleading form, but you did tell the district court that you had met. Yes. Firements. I believe that we did in the course of the back and forth on the motion. The Toby six motion. Yes. Everybody. The defendants were apprised as to the theory that was going to save. Clarify one other thing for me. The officers asserted that they had not received actual notice within 60 days. I did not see that the city or the county made that assertion to the district court. Am I right or wrong about that? That is correct. What they asserted was that there's no record. How did the how did the district court if if they did not affirmatively deny having received notice within 60 days? Why did the district court dismiss us in the county? Well, because with the defendants alleged or said was the court record did not show when notice was received, even though they didn't deny it or didn't ask to have the matter dismissed as to them. Right. I believe that's correct. Can I do it? Segue off of Judge Graber's question. You've mentioned Oregon Statute 12.220. But you point out we're under federal pleading under 12b6. The party against whom the action would be taken is entitled to the benefit of doing things in the light most favorable. Does that standard in this setting apply to how we are to view how 12.220 was applied? Or is it strictly an Oregon law burden in terms of how we construe that? I would like it to be as difficult to dismiss a case on procedural grounds as is possible. I understand that. I'm simply saying, is there any case laws or anything that you can cite to me that would suggest that as we construe what happened in this case, that we are to construe the facts in the light most favorable to your client? Is there any case law that suggests that? I'm not aware of any, Your Honor, on this particular point. 12.220 has not been thoroughly litigated. Judge Stewart here in our district did a great job years ago. And it was relied upon. That case was relied upon. But that issue wasn't here, nor am I aware of there being any Oregon appellate court case construing 12.220. Is it fair to say that we don't look to the 12b6 standard? We look to the 12.220 state standard in terms of how this is to be construed? I believe that 12.220 gives us the procedure. Right. And 12b6 gives us the burdens and who has to do what. Okay. To be more specific, I'm going to talk to the city and the county about this. But there are certain timing issues. You get down to parsing who did what and who knew what and how long they filed. Afterwards, if we have a standard like 12b6 where we have to construe things most favorably to you, then that may produce one result. On the other hand, if we're just looking at 12.220 and the 12b6 standard has nothing to do with it, we may have a different result. So I'm asking you to give me the benefit of any cases, anything that you can, that it would help me understand whether the 12b6 deference standard applies to ORS 12.220. I can't give you any authority to that. Okay. Thank you. You've used up your time. We'll give you a little bit for rebuttal, but we'd like to hear from opposing counsel now. Good morning, Your Honors. May it please the Court. Kenneth Maguire for the Defendant Appellees, City of Portland, and Officer Clunt. I'd like to yield some of my time to Mr. Blankfeld for the county. I want to pick up on a point that Judge Graver made as far as the actual notice to the city, and I'll let Mr. Blankfeld address the county. On the pleadings and the amended complaint, as I read them and as also Judge Papek viewed them, there is no federal claim under 42 U.S.C. 1983 against the city that was pled. The only federal claim in Counts 1 and 2, if you combine those into a 1983 claim that was pled, is a 1983 claim against Officer Clunt. So the relevant issue is whether Officer Clunt received actual notice. Well, let me turn to that. The city filed an answer that contained assertions concerning Officer Clunt and his acts, and the same lawyers represent the city and him. That answer in the second proceeding was filed, I believe, five days after the expiration of the 60 days. And this also, I think, bears on Judge Smith's questions. Wouldn't it be a fair inference that if the actual answer is filed in court five days after the expiration of the 60 days, that everybody involved, including Officer Clunt, whose facts are described in this answer, had to know at least five days earlier in order to prepare the answer, type the answer, or file the answer? I'd say no, Your Honor. I think the answer you're referring to is the answer that the city filed on behalf of the city in April of 2005, which was 65 days after the original complaint was filed. It is a policy of the city of Portland, and I think you can take judicial notice of the manual of the Portland Police Policy and Procedure, that individual litigants, officers in the Bureau, have to be actually notified and actually served with a complaint and summons, or they have to authorize that the city attorney accept service on their behalf. That answer was only to the claims that were made to the city of Portland, not to Officer Clunt. What does the statute require, though, in order to salvage the timeliness of the amended complaint? It doesn't require service in the sense that you're using it. It requires actual knowledge that it's happened. It does. And if you look at the Zinnecker v. Waldo case, they have a discussion of what actual knowledge means in that context. In that case, they had distinguished between a complaint that is received. In fact, I recall one portion of the opinion where they talk about a complaint received by a lawyer who's not yet been retained to defend a defendant in the case, that that is not sufficient to give the defendant actual notice of the complaint. In this case, at that point in time, the city attorney's office was only representing the city of Portland to any kind of claims that were asserted and not yet the officer involved. What's your response, counsel, to the question that I ask, opposing counsel, in terms of whether the liberality of the 12 v. 6 action, should that apply to the service issue here? In other words, as Judge Graber pointed out, you've got a five-day period. The answer was filed. Somebody had to know at some point before that point that they'd been served or they had to respond because it was filed. If we apply the 12 v. 6 standard where it's construed in the manner most favorable to the non-moving party, would that not benefit the plaintiffs? Would that not argue in favor of saying it's reasonable to infer that they had actual notice within the 60 days? Well, I don't think so, Your Honor. I think you have to take either the federal rules of procedure or the state ORS 12-220 savings clause. I think the savings clause actually provides the more liberal interpretation for the plaintiffs if they can meet their burden, which they put nothing in the record to show that there was actual notice within 60 days of the original filing. So the city's position is clearly that the 12 v. 6 standard has nothing to do with this because that's the federal pleading standard and you're talking strictly about a state action. I think if you want to interpret that there is not a closely related question of tolling in this case and that the commencement date of the second action is the commencement date notwithstanding, not looking at the savings clause or the tolling provision, then our position would be that September 6, 2006, which was the time of the second complaint, was well beyond two years after the events that precipitated this. Before I yield to the county. Before you do that, number one, going back to your statement about your policy with respect to officers, the answer, as I understand it, says that Officer Clunt had not yet been served with the complaint. How do you know that? He had never. As far as I know, he had not notified anybody in the city attorney's office. From his silence or if he's not likely to find out? I believe that's a negative inference from the city attorney. He used to draw facts most favorable. Somebody had to ask him to. He could make an affirmative statement that he had not been served. It's not silence. Well, I think that is one inference, but you could certainly also infer that a Portland police officer who gets served with a summons and complaint, the first phone number that he calls is going to be somebody in the city attorney's office. That's not the question under 12.20, though. The question is whether he actually knew that somebody was trying to sue him again in this case. And I go back again to there's nothing in the record that says that he actually. But a lawyer for the city signed an answer with all the rules requiring that there be factual basis for any assertions there that he hadn't been served. And I think that the issue that was bothering me, and I think it's bothering Judge Fischer as well, in order for the lawyer ethically to sign that saying as a fact he has not been served yet, wouldn't they have had to confirm that by talking to him? Well, I... It wasn't on information. I'm sorry? It was not an answer on information. I can't answer for the lawyer who signed the pleading, but... But you don't have to. You can take the getting the data, the papers, the representation to report the fact. And I still don't know that you... That assertion in the pleading that he hadn't been served, that he had actual notice of a complaint. And before you sit down, one of you needs to discuss the plaintiff's name. The point that's being made is that the plaintiff can only know what your perspective is out there. She would not know actual notice. What would you expect the burden on the plaintiff to be, other than pledging on information to leave or some amnesty, as that party's trying to bring with it an exception, an action? Well, I think that I'm running out of time, and I don't want to step on the county, but there are a number of ways that the plaintiff could have actual knowledge that Officer Clunt knew of the lawsuit. There was a period where they could have asked to take his deposition, which was what happened in the Zinniker case. They could have produced into the record some sort of letter that was sent to the precinct that said that a complaint and a notice of the lawsuit was sent and left in his box at the precinct. There are a number of things that they didn't do and that aren't in the record. But that letter would have been something done in conjunction with the first lawsuit or in conjunction with the second? The first. Is that normal practice? That's the kind of letter he processes, by the way. It's not a normal practice. Maybe he will. Thank you. Mr. Blankfeld? Good morning, and may it please the Court, my name is David Blankfeld. I represent the defendant, Multnomah County. I'm not sure how much time I have. Not much, but tell us what your response is to the basic issue. Well, which basic issue? Just talk. Okay. Well, not knowing how much time is available. What new do you have to say? I'm sorry? What new do you have to add? Isn't there an agreement? I think there's some interesting policy ramifications of this type of case. We're talking about a savings statute, which essentially admits on the face that the complaint has violated the statute of limitations and what type of cases should be saved. I think if you look at the statute itself, it talks about some service type of issues, if the wrong party has been served, difficulty in service, that type of thing. I think there's also some other cases, not talking specifically about this savings statute, that talk about wrong court type filings. Let's get down to the key issue here. Has the county ever asserted as a fact that it did not receive actual notice within the 60 days? No. And the district court just dismissed? Correct. The county's position has been there's no evidence in the record. The complaint is a burden. It's purely a technical issue. The reason I'm asking this has a lot to do with the same kinds of questions I asked the city. In order for you to have taken that position, you would have to be able to say ethically that you knew it was true. In other words, the absence of the county saying we didn't know seems to me very significant. Because if you didn't know, it seems like you would have said so. In other words, your silence is when you had to say something. The county would have answered the question if it had been asked. We didn't feel that it was a law. And we have not found any law on that point, nor has plaintiff brought forth any authority for that position. Thank you. Thank you. I think we understand the position that you're taking. Mr. Leuenberger, you're out of time, but you have 30 seconds if you want to use it. I just want to say that honesty is something that is incumbent upon all lawyers in all cases. And a half-truth that I outline in my brief is not being truthful. And I'm not alleging an FRCP 11 violation. I'm just saying that under these circumstances, the defendants can't get away or should not be allowed to get away with hiding the ball. Thank you, counsel. The case just argued is submitted. We appreciate the arguments of all of you. And we'll take a short break. Thank you.
judges: Graber, Fisher, Smith